# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTONIA BEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-1008-SEP |
| ) | |
| JOSEPH OWENS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court are pro se Plaintiff Antonia Bey's Complaint, Doc. [1], and motions for leave to proceed *in forma pauperis*, Docs. [2], [4]. Having reviewed the financial information submitted in support, Plaintiff's motions to proceed *in forma pauperis* are granted. *See* 28 U.S.C. § 1915(a)(1). For the reasons set forth below, the action is dismissed without prejudice.

### FACTS AND BACKGROUND

Plaintiff is a self-represented litigant who filed his Complaint on the Court's Civil Complaint form. Doc. [1]. Plaintiff is not incarcerated. He brings this action under the Fourth Amendment to the United States Constitution. *Id.* at 3. The sole defendant is named as "Peace Officer" Joseph Owens. *Id.* at 2. Plaintiff alleges:

> On July 27th, 2023[,] the defendant, without warrant or due process of law, unlawfully arrested the plaintiff, and acting contrary to law, did falsely imprison the plaintiff, depriving the plaintiff of his liberty.
>
> Due to the unlawful acts of the defendant, the plaintiff suffered a series of assaults and batteries upon his person, including arrest, handcuffing, imprisonment, physically searched, forced fingerprinting, booking procedures, and loss of a vehicle. After the arrest, the defendant released the plaintiff without judicial presentment, thus is guilty of false imprisonment. Location: Perry County Illinois, Perry County Jail, Rt. 12.
>
> The plaintiff had his right to liberty violated, suffered mental anguish, loss of time, and a discredit to his reputation.

*Id.* at 5.

Plaintiff seeks over $1.25 million in damages, an injunction against the State of Illinois, and a declaration that he, "a private man[,] is free to travel and shall not be detained." *Id.*

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (citing *Iqbal*, 556 U.S. 678).

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (omission in original) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even self-represented complaints "must allege facts which, if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 915 (district courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

The Complaint does not indicate the capacity in which Defendant Owens is sued. A plaintiff can bring a 42 U.S.C. § 1983 claim against a public official acting in his official capacity, his individual capacity, or both. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). If the complaint is silent about the capacity in which a defendant is being sued, the complaint is interpreted as including only official-capacity claims. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

Because Plaintiff has not indicated the capacity in which Defendant Owens is sued, the Court must treat the claims as against Defendant in his official capacity only.  In an official-capacity claim against an individual, the claim is actually "against the governmental entity itself."  *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

To prevail on such a claim, the plaintiff must establish the governmental entity's liability for the alleged conduct.  *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citing *Johnson*, 172 F.3d at 535).  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)); s*ee also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Defendant Owens appears to be a police officer in Perry County, Illinois.  Plaintiff does not allege that any of the violations resulted from a Perry County policy or custom or a failure to train or supervise.  Plaintiff does not suggest that a particular Perry County policy caused him harm.  He does not allege a pattern of unconstitutional misconduct constituting a municipal custom.  And he pleads no facts establishing that Perry County had notice of inadequate training or supervision or a pattern of similar constitutional violations by untrained employees.  Plaintiff focuses on a single arrest conducted by Defendant Owens.

At a minimum, a complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists.  *Doe ex rel. Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).  Plaintiff has failed to do so.  The Court cannot "infer the existence" of an unconstitutional policy or custom from a "single occurrence."  *See Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991).  Because Plaintiff fails to state a municipal liability claim against Perry County, his official-capacity claim against Defendant Owens fails to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights).

3

Eighth Circuit precedent requires the Court to interpret the Complaint to have sued Defendant Owens in his official capacity only. But even if Plaintiff had sued Defendant in his individual capacity for unlawful arrest, the action would still be dismissed.

The Fourth Amendment provides that "a person has a 'right to be secure in [his] person[]' and warrants may not issue 'but upon probable cause.'" *Ross v. City of Jackson*, 897 F.3d 916, 920 (8th Cir. 2018) (alterations in original) (quoting U.S. Const. amend. IV). "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (quoting *Marksmeier v. Davie*, 622 F.3d 896, 900 (8th Cir. 2010)). But "a false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (citing *Anderson v. Franklin Cnty.*, 192 F.3d 1125, 1131 (8th Cir. 1999)). "Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Galarnyk v. Fraser*, 687 F.3d 1070, 1074 (8th Cir. 2012) (quoting *Bernini v. City of St. Paul*, 665 F.3d 997, 1003 (8th Cir. 2012)). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

Probable cause can still exist even when an officer mistakenly arrests a suspect if the mistake is objectively reasonable. *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008). The fact that a suspect arrested by law enforcement is later found innocent is not material. *Linn v. Garcia*, 531 F.2d 855, 861 (8th Cir. 1976). The substantial latitude given to law enforcement officers is "not without limits," and an officer "is not free to disregard plainly exculpatory evidence." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999). Also, "probable cause does not exist when a 'minimal further investigation' would have exonerated the suspect." *Id.* (quoting *Bigford v. Taylor*, 834 F.2d 1213, 1219 (5th Cir. 1988)).

Plaintiff provides no facts to support the contention that Defendant Owens arrested him without probable cause and falsely imprisoned him.[1] Plaintiff's Statement of Claim includes a

---

[1] A false imprisonment claim is not a separate claim from an unlawful arrest claim; it is encompassed within a claim for unlawful arrest under the Fourth Amendment. *See Setchfield v. St. Charles Cnty.*, 2023 WL 3275548, at *11 (E.D. Mo. May 5, 2023); *see also Chaney v. Smith*, 2020 WL 7034558, at *7 (E.D. Ark.

4

conclusory statement that he was "unlawfully arrested" "without warrant or due process." Doc. [1] at 5. No allegations suggest that Defendant Owens lacked reasonable grounds to believe Plaintiff was guilty of committing a crime. Plaintiff does not allege that Defendant Owens stopped him for no reason, or that he did not resist or interfere with Defendant's attempt to arrest him. Plaintiff does not even describe the circumstances of the arrest, such as whether the arrest occurred during a traffic stop or was the result of some other event. To state a claim, Plaintiff must provide more than an unsupported legal conclusion. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002); *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation,' and '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, even if the Court treated Plaintiff's allegations against Defendant Owens as individual-capacity claims, they would be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for leave to proceed *in forma pauperis*, Docs. [2], [4], are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

Nov. 30, 2020) (a false imprisonment claim under § 1983 is an extension of unlawful arrest under the Fourth Amendment).